IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Senior Judge Wiley Y. Daniel**

Civil Action No.   11-cv-02148-WYD-MEH

NASTASJA ROST, through her mother and next friend, Kristine Rost,

     Plaintiff,

v.

RYAN L. ATKINSON,

     Defendant.

---

**ORDER**

---

I.    <u>INTRODUCTION</u>

    THIS MATTER is before the Court on Defendant's Motion for Summary

Judgment (ECF No. 32), filed September 4, 2012.  Defendant seeks summary judgment

on Plaintiff's claims for personal injuries arising out his alleged negligent conduct.  For

the reasons stated below, I deny the motion.

II.    <u>RELEVANT FACTUAL AND PROCEDURAL BACKGROUND</u>

    In January, 2010, Defendant's mother, Lynn Atkinson ("Ms. Atkinson") owned a

home in Steamboat Springs, Colorado ("the Property").  Defendant, a 25-year old adult,

lived with his mother on the Property.  In 2002, Ms. Atkinson sought a building permit to

add an exterior deck and stairs onto a detached garage located on the Property, which

was approved by the County as an office space and was not required to have plumbing.

    While many of the facts are disputed, it is clear that on the evening of January 9,

2010, Defendant brought friends, including Plaintiff, over to the "office space," where

they consumed alcoholic beverages over a period of several hours.  In the early

morning hours, Plaintiff, a minor, needed to urinate.  She lowered her pants and

balanced on the deck railing in order to "hang out" over the edge.  In the process, she

lost her balance and fell 18' onto a cement surface, severely injuring her head, which is

the subject of this litigation.

Prior to filing the instant action, Plaintiff filed a lawsuit against Ms. Atkinson in the

Routt County District Court attempting to collect damages for the injuries she sustained

in the January 10, 2010 accident.  In a confusing set of circumstances, on February 15,

2011, while her summary judgment motion was under consideration by the state district

court, Ms. Atkinson served upon the Plaintiff an offer of settlement pursuant to Colo.

Rev. Stat. § 13-17-202.  The next day, on February 16, 2010, the state district court

issued an order granting summary judgment in favor of Ms. Atkinson, which resolved all

issues in the case.  On February 17, 2010, Plaintiff served her acceptance of the offer of

settlement via electronic filing.  After briefing on the issue, the state district court granted

Plaintiff's motion to enforce the settlement, stating that:

> The court also disagrees with Defendant in her contention that the case at
> bar was no longer pending as of when the summary judgment motion was
> granted so that the offer died a natural death with the case.  The court was
> very careful not to use language in the order entering judgment against
> Plaintiff and in favor of Defendant, anticipating a motion to reconsider.
> Nor did the court vacate the April trial date, for the same reason.

(Routt County District Court's Order Granting Motion to Enforce Settlement at 2).

Ms. Atkinson appealed this order to the Colorado Court of Appeals.  On April 26,

2012, the Colorado Court of Appeals affirmed the order granting Plaintiff's motion

to enforce the settlement agreement, concluding that a summary judgment order resolving all issues in the case does not terminate a valid statutory settlement offer.  In its opinion, the Court of Appeals stated that "the trial court's summary judgment in defendant's favor completely resolved the case and therefore constituted a final judgment."  (Court of Appeals No. 11CA0727, April 26, 2012 Opinion at 5).  On June 7, 2012, Ms. Atkinson filed a Petition for Certiorari with the Colorado Supreme Court, which is currently pending.

III.   ANALYSIS

    A.   Standard of Review

Pursuant to Rule 56(c) of the Federal Rules of Civil Procedure, the court may grant summary judgment where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and the . . . moving party is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c); *see Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986); *EEOC v. Horizon/CMS Healthcare Corp.*, 220 F.3d 1184, 1190 (10th Cir. 2000). When applying this standard, the court must view the evidence and draw all reasonable inferences therefrom in the light most favorable to the party opposing summary judgment.  *Atlantic Richfield Co. v. Farm Credit Bank of Wichita*, 226 F.3d 1138, 1148 (10th Cir. 2000) (quotation omitted).  All doubts must be resolved in favor of the existence of triable issues of fact.  *Boren v. Southwestern Bell Telephone Co.*, 933 F.2d 891, 892 (10th Cir. 1991).

The moving party holds the initial burden of establishing an absence of a genuine issue of material fact and entitlement to judgment as a matter of law.  *Adler v. Wal-Mart*

*Stores, Inc.*, 144 F.3d 664, 670-71 (10th Cir. 1998).  The moving party need not negate

a non-moving party's claim; rather, the moving party need only show a lack of evidence

supporting a crucial element of a non-moving party's claim.  *Id.* at 671 (citing *Celotex*

*Corp. v. Catrett,* 477 U.S. 317, 325, 106 S. Ct. 2548, 2553-54, 91 L. Ed. 2d 265 (1986)).

Once the moving party satisfies its initial burden, the burden shifts to the non-

moving party to establish that a genuine issue of material fact exists.  *Anderson v.*

*Liberty Lobby, Inc.,* 477 U.S. 242, 256, 106 S. Ct. 2505, 2514, 91 L. Ed. 2d 202 (1986).

To satisfy this burden, the non-moving party may not rely solely on the pleadings.  *Id.*

Rather, the non-moving party must "set forth specific facts that would be admissible in

evidence in the event of trial from which a rational trier of fact could find for the

nonmovant."  *Adler,* 144 F.3d at 671.

B.    Claim Preclusion and Issue Preclusion

In the pending motion for summary judgment, Defendant argues that Plaintiff's

claims are barred by the doctrines of claim preclusion and issue preclusion.[1]  I disagree.

1.    Claim Preclusion

The doctrine of claim preclusion will "prevent a party from re-litigating a legal

claim that was or could have been the subject of a previously issued final judgment."

*MACTEC, Inc. v. Gorelick,* 427 F.3d 821, 831 (10th Cir. 2005).  Three elements are

required to apply the doctrine of claim preclusion: (1) a final judgment on the merits in

an earlier action; (2) identity or privity of the parties in the two suits; and (3) identity of

the cause of action in both suits.  *Id. (citing Wilkes v. Wyo. Dep't of Employment Div. of*

*Labor Standards,* 314 F.3d 501, 504 (10th Cir. 2003)).  "If these requirements are met,

---

[1] These doctrines are also known as the doctrines of *res judicata* and *collateral estoppel*, respectively.

[claim preclusion] is appropriate unless the party seeking to avoid preclusion did not have a 'full and fair opportunity' to litigate the claim in the prior suit." *Id.* (*citing Yapp v. Excel Corp.,* 186 F.3d 1222, 1226 n. 4 (10th Cir. 1999)).

Defendant argues that the doctrine of claim preclusion applies because Plaintiff's first lawsuit against Ms. Atkinson arose out of the injuries she sustained as a result of her January 10, 2010 accident on Ms. Atkinson's property.  Plaintiff asserted claims under Colorado's Premises Liability Statute, Colo. Rev. Stat. § 13-21-115.  Defendant contends that the first element of claim preclusion is satisfied because on February 6, 2011, the state district court granted summary judgment as to all of Plaintiff's claims. The court then issued an Order for Entry of Judgment pursuant to Colo. R. Civ. P. 58 on April 5, 2011.  Despite the fact that the parties disagree as to whether a valid settlement agreement exists, I agree with the Colorado Court of Appeals that the state court's order granting summary judgment as to all of Plaintiff's claims is a final judgment.  *See* Court of Appeals No. 11CA0727, April 26, 2012 Opinion at 5; *FirsTier Mortgage Co. v. Investors Mortgage Ins. Co.*, 498 U.S. 269, 276, 111 S.Ct. 648, 653 (1991).

Turning to the second element of claim preclusion, the parties must be the same as those in the first action or be persons in privity with them.  "Privity between a party and a non-party requires both a substantial identity of interests and a working or functional relationship … in which the interests of the non-party are presented and protected by the party in the litigation." *Cruz v. Benine*, 984 P.2d 1173, 1176 (Colo. 1999).

Here, the Defendant in the instant case, Ryan Atkinson, is not identical to the Defendant, Ms. Atkinson, in the state court action.  While Ms. Atkinson is Ryan

-5-

Atkinson's mother, my analysis of the nature of their relationship is based upon tort law principals (the Uniform Contribution Among Tortfeasors Act "UCATA") since these parties allegedly acted as joint tortfeasors under Plaintiff's theory of the case. *Id.* at 1177.  The UCATA provides that the satisfaction of a judgment against one tortfeasor does not bar a subsequent suit against other tortfeasors.

> (1) When a release … is given in good faith to one of two or more persons liable in tort for the same injury …
>
> (a) It does not discharge any of the other tortfeasors from liability for their several pro rata shares of liability for the injury, death, damage, or loss unless its terms so provide ….

Colo. Rev. Stat. § 13-50.5-105.

Based on my careful review of the state court record including Defendant's Offer of Settlement, Defendant Ms. Atkinson's Acceptance of Defendant's Offer of Settlement, and the state court's Order Granting Motion to Enforce Settlement, and there is no indication that Lynn Atkinson's settlement offer was intended to release Ryan Atkinson from liability.  Additionally, in the state court's order granting summary judgment, the court emphasized the fact that "[i]t is important to remember in the analysis that what is at issue is Defendant's [Ms. Atkinson's] conduct, not that of her adult son [Ryan Atkinson]" and "[w]hat [Ryan] Atkinson knew or did not know is not relevant to the court's consideration since he is not a party to this litigation."  (Order Granting Summary Judgment at 3).  Accordingly, given the record in this case, I find that the UCATA permits the Plaintiff to sustain the instant action against Defendant Ryan Atkinson.  Thus, I reject Defendant's argument that claim preclusion bars Plaintiff's claims against him in this action.

2.     <u>Issue Preclusion</u>

The Defendant also argues that Plaintiff's claims are barred by the doctrine of issue preclusion.  This doctrine will "bar a party from relitigating an issue once it has suffered an adverse determination on the issue, even if the issue arises when the party is pursuing or defending against a different claim." *Burrell v. Armijo*, 456 F.3d 1159, 1172 (10th Cir. 2006).  Four elements are required to apply the doctrine of issue preclusion: (1) the issue previously decided is identical with the one presented in the action in question; (2) the prior action has been finally adjudicated on the merits; (3) the party against whom the doctrine is invoked was a party, or in privity with a party, to the prior adjudication; and (4) the party against whom the doctrine is raised had a full and fair opportunity to litigate the issue in the prior action. *Id.*  As discussed above with regard to claim preclusion, I find that Defendant Ryan Atkinson was not a party to the prior lawsuit nor is he in privity with Ms. Atkinson, the defendant in the prior lawsuit. Thus, I conclude that Plaintiff's claims are not barred by the doctrine of issue preclusion.

C.     <u>Negligence Claim</u>

Finally, Defendant argues that any negligence theory Plaintiff is pursuing other than her claim under the Premises Liability Statute, Colo. Rev. Stat. §13-21-115, is barred by the statute of limitations set forth in Colo. Rev. Stat. §12-47-801.

While Plaintiff states in her response that her "claims include both negligence and premises liability," it is unclear whether her negligence claim is brought pursuant to Colo. Rev. Stat. §12-47-801 as Defendant suggests.  The Final Pretrial Order states that Plaintiff's claim is "for personal injury arising from the negligent conduct of 25-year old Ryan Atkinson that began on January 9, 2010, when he called 17-year old Nastasja

-7-

Rost at ten minutes to midnight and lured her out of her home without her mother's knowledge or consent." (ECF No. 44 at 1-2). Plaintiff goes on to state that "[m]any aspects of Mr. Atkinson's negligent acts and omission throughout the evening in question are not inherently connected to the land, and therefore are outside of the Premises Liability Act. Based on these vague statements, I am simply without sufficient information to conclude whether Plaintiff's claims are barred by the applicable statute of limitations. Accordingly, I find that Plaintiff shall file a notice with the Court clarifying her claims with specificity not later than 90 days prior to the Final Trial Preparation Conference. The Defendant will then have the opportunity to file a response as to whether such claims are barred by the applicable statute of limitations.

IV.   CONCLUSION

Based on the foregoing, it is

ORDERED that Defendant's Motion for Summary Judgment (ECF No. 32) is **DENIED** as set forth in this Order. It is

FURTHER ORDERED that the parties shall jointly contact my chambers at 303-335-2170 not later than **April 30, 2013** in order to set this matter for both a final trial preparation conference and a jury trial. It is

FURTHER ORDERED that the Plaintiff shall file a notice with the Court clarifying her claims with specificity 90 days prior to the Final Trial Preparation Conference. Defendant may file a response as to whether such claims are barred by the applicable statute of limitations.

Dated:  March 20, 2013

BY THE COURT:


s/ Wiley Y. Daniel
WILEY Y. DANIEL,
UNITED STATES SENIOR DISTRICT JUDGE